# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RALPH BAKER, | : | **Hon. Joel A. Pisano** |
| | : | |
| Plaintiff, | : | Civil No. 11-0992 (JAP) |
| | : | |
| v. | : | |
| | : | |
| JIM BARNES, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES**:

> RALPH BAKER, #79194, Plaintiff Pro Se
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625

**PISANO**, District Judge:

Ralph Baker, a prisoner who is confined at New Jersey State Prison, submitted to the Clerk a pro se Complaint with an incomplete application to proceed in forma pauperis. He then completed his in forma pauperis application and submitted an Amended Complaint. This Court will grant Plaintiff's application to proceed in forma pauperis, direct the Clerk to file the Amended Complaint, assess the $350.00 filing fee against Plaintiff, and collect the fee in installment payments pursuant to 28 U.S.C. § 1915.[1] As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court will dismiss the Amended Complaint for failure to state a claim and decline to exercise supplemental jurisdiction.

---

[1] Although Sharon Berry Baker, Plaintiff's wife, is listed on the caption, this Court will not direct the Clerk to file the Complaint or Amended Complaint in her behalf. Ms. Baker did not sign these pleadings, prepay the $350 filing fee, or apply to proceed in forma pauperis. In fact, nothing indicates that Ms. Baker authorized the filing of any pleading on her behalf.

## I.  BACKGROUND

Plaintiff brings this Amended Complaint against University of Medicine & Dentistry, Dr. Elmira Kaputis, Dr. John Godinsky, Kevin Han McDonald, Ombudsman Elizabeth Tobol, Sharon Felton, dentist Rick Ogwreck, Dr. Raymond Baum, Dr. Edward Szteinbaum, Fordham University, and Tina Maschi (Dkt. 7, caption), pursuant to 42 U.S.C. §§ 1983, 1985, 1986, for "denial of medical treatment, concerning Hepatitis C, deliberate indifference, to medical needs[, i]ncluding manufacturing false medical needs.  In addition to Interference with Habeas Corpus and the enforcement of the Federal Judiciary enforcement of acts of the United States Congress, via toward mal treatment of non existent mental disease and/or defect, implication of unsound mind, and emotional distress.  Declaring that Petitioner mental app[a]ratus being unsound, and the need of independent mental health analysis, and enhancement of current non solicited treatment plan."  (Dkt. 7 at 1.)

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A(a).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

2

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was previously applied to determine if a federal complaint stated a claim.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  To survive dismissal under Iqbal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Iqbal, 129 S. Ct. at 1949 (citation omitted).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  Id. (citations and internal quotation marks omitted).  The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal,

> a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Township, 629 F. 3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) ("a complaint must do *more than allege the*

---

[2]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

*plaintiff's entitlement to relief.*  A complaint has to "show" such an entitlement with its facts")

(emphasis supplied).

The Court is mindful, however, that the sufficiency of this <u>pro se</u> pleading must be

construed liberally in favor of the plaintiff, even after <u>Iqbal</u>.  <u>See Erickson v. Pardus</u>, 551 U.S. 89

(2007).

## III.  DISCUSSION

A court's initial task is to "tak[e] note of the elements [Plaintiff] must plead" in order to

state a claim of liability.  <u>See Iqbal</u>, 129 S Ct. at 1947-48.  Section 1983 of Title 42 of the United

States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil

rights by a person who was acting under color of state law.  Section 1983 provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory . . . subjects,
> or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a

person deprived him or caused him to be deprived of a right secured by the Constitution or laws

of the United States, and (2) the deprivation was done under color of state law.  <u>See West v.</u>

<u>Atkins</u>, 487 U.S. 42, 48 (1988); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970).

This Court reads the Amended Complaint as attempting to assert the following claims

under § 1983:  (a) deliberate indifference to serious medical and dental needs in violation of the

Eighth Amendment, (b) deprivation of liberty without due process, and (c) violation of First

Amendment right of access to courts.

4

A.  Eighth Amendment

Plaintiff complains that, since 2004, various defendants have been deliberately indifferent to his Hepatitis C condition; he asserts that other defendants were deliberately indifferent to his need for oral surgery, a dental plate, and filling of a cavity, and other defendants falsely wrote in his treatment plan that he may suffer from a delusional disorder and require psychotropic medication for mental illness.  This Court construes these allegations as potential Eighth Amendment claims.

The Eighth Amendment's prohibition against cruel and unusual punishment obligates prison authorities to provide medical care to inmates.  Estelle v. Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To state a cognizable medical claim, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious."  Rouse, 182 F.3d at 197.  A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted).

"Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.[3]  Deliberate indifference includes

---

[3] Accord Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be

(continued...)

5

"indifference . . . manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."  Erickson v. Pardus, 551 U.S. 89, 90 (2007) (quoting Estelle, 429 U.S. at 105) (footnotes and internal quotation marks omitted).  To establish deliberate indifference, a plaintiff must show that the defendant was subjectively aware of the unmet serious medical need and failed to reasonably respond to that need.  Farmer, 511 U.S. at 837; Natale, 318 F.3d at 582.  "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware."  Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).  Significantly, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  Deliberate indifference may be found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  Rouse, 182 F.3d at 197.

(1) Deliberate Indifference to Hepatitis C

Plaintiff alleges that he was diagnosed with Hepatitis C several years ago and had a liver biopsy on June 6, 2008, and that defendants conspired to deny him medical treatment for this

---

[3](...continued)
predicated solely on the operation of respondeat superior").

chronic condition.  This Court finds that Hepatitis C is a serious medical need.  This Court will

examine Plaintiff's allegations to determine whether the Amended Complaint asserts facts

plausibly showing that one or more defendants was deliberately indifferent.

Although the Amended Complaint breaks the allegations down by defendant, the

allegations are repetitive and too conclusory to allow this Court "to draw the reasonable inference

that [each] defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  For

example, Plaintiff repeatedly asserts that defendants

> have carried out a systematic design, scheme and plan to deprive
> Plaintiff of treatment for Hepatitis C, being deliberately indifferent
> to the medical needs of the Plaintiff.
>
> On May 28, 2009, Plaintiff Baker arrived at New Jersey State
> Prison, and the Medical Provider, being Ivery Donimic also an
> employee, has continued to carry out this conspiracy of denial of
> medical treatment for Hepatitis C, and other noted kidney diseases
> etc.

(Dkt. 7 at 2.)

Notably, Plaintiff fails to state facts showing that defendants deliberately refused to

evaluate whether treatment for Plaintiff's Hepatitis C was medically warranted, knowingly

prevented him from receiving medically necessary treatment, or conspired to deny or delay

medically necessary treatment for Hepatitis C for a non-medical reason.  First, whether anti-viral

treatment for chronic liver disease is medically warranted is a question of medical judgment.[4]

_____

[4] In a guideline entitled "Prevention and Control of Infections with Hepatitis Viruses in
Correctional Settings," the Centers for Disease Control states :

> HCV-positive persons benefit from evaluation for the presence and severity of
> chronic liver disease.  Antiviral therapy is recommended for persons with
> persistently elevated ALT levels, detectable HCV RNA, and a liver biopsy that

(continued...)

"Mere disagreements between the prisoner and the treating physician over medical treatment do not rise to the level of 'deliberate indifference.'" Quinn v. Dietman, 413 Fed. App'x 419, 422 (3d Cir. 2011) (citing Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir.1987)).

Second, Plaintiff's assertion that defendants maintained a conspiracy to deny him appropriate medical care for Hepatitis C is not entitled to the assumption of truth because he provides no factual substantiation. As the Supreme Court explained, the "assertion of an unlawful agreement [is] a 'legal conclusion' and, as such [is] not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950 (quoting Twombly, 550 U.S. at 565).

Third, Plaintiff's allegations that he had a liver biopsy and that officials have been monitoring his liver enzymes, are consistent with the provision of appropriate medical attention. See n.5. Under these circumstances, Plaintiff's allegations do not plausibly suggest a conspiracy to knowingly deny or delay medically warranted treatment for Hepatitis C for non-medical

---

[4](...continued)
indicates either portal or bridging fibrosis or moderate degrees of inflammation and necrosis. No clear consensus exists on whether to treat patients with persistently normal serum transaminases . . . The FDA has approved three antiviral therapies for treatment of chronic hepatitis C in persons aged >18 years . . . . All of these drug regimens have side effects, certain of which can be serious. Successful treatment eliminates viremia and the potentials for HCV transmission and further chronic liver disease . . . .

[I]n the correctional setting, only a limited number of studies have examined willingness to be tested, treatment options, compliance, and outcomes . . . . Limited data from studies in Rhode Island and Pennsylvania indicate approximately 7%-27% of all inmates identified with HCV infection ultimately begin treatment. The majority of inmates were excluded from treatment because of clinical contraindications, short lengths of prison stay, and drug or alcohol use.

"Prevention and Control of Infections with Hepatitis Viruses in Correctional Settings," CDC Recommendations and Reports (Jan. 24, 2003), available at www.cdc.gov/mmwr/preview/ mmwrhtml/rr5201a1.htm (citations and footnotes omitted).

reasons.[5]  Accordingly, the Amended Complaint has not "nudged [his] claims" of deliberate

indifference "across the line from conceivable to plausible,"  id. at 1950-51 (citation omitted),

and the claim for deliberate indifference to his need for treatment for Hepatitis C will be

dismissed for failure to state a claim.

     (2) Deliberate Indifference to Dental Needs

     Plaintiff asserts that on May 15, 2006, dentist Rich Ogwreck broke Plaintiff's tooth

during an attempt to extract it and he told Plaintiff that he needed oral surgery.  (Dkt. 7 at 5.)  To

the extent that Plaintiff seeks to assert a § 1983 claim against Dr. Ogwreck based on the breakage

of Plaintiff's tooth on May 15, 2006, this claim will be dismissed as time barred.  New Jersey's

two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, applies to civil

rights claims under § 1983.  See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir.

2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater

Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  This statute requires that "an action for

an injury to the person caused by a wrongful act, neglect, or default, must be convened within

two years of accrual of the cause of action."  Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810

F.2d 55, 56 (3d Cir. 1987)).  Under federal law governing the accrual of § 1983 claims, "the

limitations period begins to run from the time when the plaintiff knows or has reason to know of

the injury which is the basis of the section 1983 action."  Montgomery, 159 F.3d at 126 (quoting

Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of

Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  Here, the statute of

---

     [5] Nor do Plaintiff's allegations show that the non-medical defendants had reason to
believe that prison doctors were obviously and intentionally mistreating Plaintiff or refusing to
provide medical care for his conditions.  See Spruill v. Gillis, 372 F. 3d 218,  236 (3d Cir. 2004).

limitations on Plaintiff's claim concerning the breaking of his tooth began to run on May 15, 2006, when the wrongdoing allegedly occurred, and expired on May 15, 2008, over two and one-half years before Plaintiff executed his Complaint in this case. Thus, because it is apparent from the face of the Complaint that Plaintiff's § 1983 claim concerning the breaking of the tooth is time barred, this Court will dismiss this claim with prejudice for failure to state a claim.[6]  See Jones v. Bock, 549 U.S. 199, 215 (2007); LeBlanc v. Snavely, 2011 WL 6037410 *1 (3d Cir. Dec. 6, 2011) ("[W]here [the running of the statute of limitations] is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim."); Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir. 2007) (The "district court may sua sponte dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(a) where it is apparent from the complaint that the applicable limitations period has run.").

Plaintiff further asserts that

> [i]n January 2011 the Plaintiff was brought to the Institutional Dentist, for impression to replace the same missing teeth, and the Den[]tist advised, no you cannot have those impressions taken as you need an extraction in the upper left jaw area, where a t[oo]th is broken off, and you need a filling in the upper left jaw.  Plaintiff advised the Dentist that I need the partial plate in the upper and lower areas, because it affects my bite, and my jawline is slacking, and the area where the teeth are missing hurts sometimes, because I have nothing to cover the gum area, where it feels like it is infected.

(Dkt. 7 at 6.)

---

[6] This Court will not grant Plaintiff leave to amend this claim as amendment would be futile.  Even if the claim were not time barred, Plaintiff's allegations show negligence at best, which is not actionable.

Although Plaintiff's needs for tooth extraction, a partial plate, and the filling of a cavity may be serious, Plaintiff's Amended Complaint does not plausibly show that any defendant deliberately denied or delayed medically necessary dental treatment for non-medical reasons. Moreover, the delay described in the Amended Complaint at best indicates negligence, which is not deliberate indifference.[7]

(3) Deliberate Indifference to Mental Health Needs

Plaintiff does not contend that he has any mental health needs.  Rather, he asserts that defendants falsely declared that he may need treatment for a delusional disorder.  To the extent that Plaintiff seeks to assert an Eighth Amendment claim of deliberate indifference to his mental health needs, that claim will be dismissed with prejudice because the Amended Complaint does not plausibly show that Plaintiff has a serious mental health need to which any defendant was deliberately indifferent.[8]

---

[7] "To show deliberate indifference, a plaintiff must do more than simply allege medical malpractice or express disagreement regarding the treatment provided."  Watkins v. Cape May County Correc. Center (Medical Dept.), 240 Fed. App'x 985, 986 (3d Cir. 2007) (citing Monmouth County Corr. Inst. Inmates, 834 F. 2d at 346).  As the Supreme Court explained:

> [T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . .

Estelle, 429 U.S. at 107.

[8] Leave to amend this claim will not be granted as amendment would be futile.

11

B. Liberty Interest in Avoiding a Mental Health Evaluation

Plaintiff asserts that on January 3, 2011, defendant Keasha Baldwin, Clinical Social Worker, "chose to characterize the mental astuteness of Plaintiff Baker as rule out delusional disorder, and signed a treatment plan, suggesting that additional medication would be []warranted, for mood swings, and other mental illnesses . . . .   The effect of the false diagnosis plays the fact, that Plaintiff's Habeas Corpus before the Hon. Joel A. Pisano was denied on August 24, 2010, however Plaintiff filed a motion on 2/15/2011 to re-open the case . . . .   It was reported in the treatment plan that the Department of Corrections has listed Plaintiff, as a sentenced criminal defendant with a sentence of 71 years to life.  The treatment plan indicates that Plaintiff Baker was in mid-treatment, and the same affects the credibility, before the Habeas Corpus Courts, of Trenton and Newark, as to lead the court, into a different factual analysis, of the competence of the Plaintiff Baker."  (Dkt. 7 at 7.)

To the extent that Plaintiff seeks to assert that defendants deprived him of a liberty interest in avoiding the stigma of a mental illness diagnosis, the claim fails.  First, Plaintiff does not assert that any defendant labeled him as mentally ill, since ruling out a delusional disorder is not a diagnosis of mental illness but an indication of the need for further evaluation.  Second, Plaintiff does not allege that prison officials psychotropically medicated him against his will or involuntarily transferred him to a mental hospital for treatment for mental illness and, in the absence of involuntary medication or transfer to a mental hospital, Plaintiff has no protected liberty interest in merely avoiding a potential misdiagnosis of mental illness.  Cf. Washington v. Harper, 494 U.S. 210, 221 (1990) (inmate has a protected liberty interest in "avoiding the unwanted administration of antipsychotic drugs"); Vitek v. Jones, 445 U.S. 480, 493, 494  (1980)

12

(involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual and "the stigmatizing consequences of a transfer to a mental hospital for involuntary psychiatric treatment, coupled with the subjection of the prisoner to mandatory behavior modification as a treatment for mental illness, constitute the kind of deprivations of liberty that requires procedural protections").

Second, Plaintiff's allegations at best indicate that defendants may have negligently misdiagnosed Plaintiff as mentally ill.  But "mere lack of due care by a state official" does not deprive a person of liberty under the Due Process Clause.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  Thus, to the extent that Plaintiff seeks to assert a due process claim based on the decision to rule out a delusional disorder or other mental illness, the Amended Complaint fails to state a claim.  This Court will dismiss the due process claim with prejudice.[9]

C.  Interference With Access to Courts

This Court construes Plaintiff's allegations concerning interference with his two habeas corpus cases as an attempt to assert that, by evaluating Plaintiff for mental illness, defendants violated his First Amendment right of access to courts by reducing Plaintiff's credibility before this Court.  Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir.), cert. denied, Stover v. Beard, 129 S. Ct. 1647 (2008).  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' - that they lost a chance to pursue a 'nonfrivolous' or

---

[9] Leave to amend this claim will not be granted, as amendment of this claim would be futile.

'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."  Monroe, 536 F.3d at 205 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)).  To establish standing, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Monroe at 205-06 (quoting Christopher at 416-17).

The Court takes judicial notice of the habeas corpus cases referred to in the Amended Complaint.  See Baker v. Ricci, Civ. No. 09-3654 (SDW) (D.N.J. docketed July 22, 2009); Baker v. Ricci, Civ. No. 09-3710 (JAP) (D.N.J. docketed July 22, 2009).  In both cases, the State has filed an answer, Mr. Baker filed a reply, and the cases are pending before this Court for a final decision; habeas relief has not been denied and neither petition has been dismissed in a final decision.  Under these circumstances, defendants' determination to evaluate Plaintiff for mental illness has not caused actual injury to his pursuit of a non-frivolous habeas claim.  Accordingly, this Court will dismiss the access to courts claim with prejudice for failure to state a claim upon which relief may be granted.[10]

D.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).

---

[10] Leave to amend the access to courts claim will not be granted, as amendment would be futile.  Moreover, whether or not Plaintiff suffers from mental illness is factually and legally irrelevant to this Court's consideration of his habeas petitions.

Where a district court has original jurisdiction over federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, 983 F.2d at 1284-85.  Because the Court is dismissing every claim over which it had original subject matter jurisdiction, the Court declines at this juncture to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

E.  Amendment

A court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).  Because Plaintiff's allegations do not entirely foreclose the possibility that he may be able to assert facts showing that one or more prison officials was deliberately indifferent to his Hepatitis C condition and his dental needs, the dismissal of these Eighth

Amendment claims will be without prejudice to the filing of a second amended complaint stating a cognizable Eighth Amendment medical or dental claim under § 1983.[11]

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed <u>in forma pauperis</u>, dismisses the Amended Complaint without prejudice to the filing of an amended complaint stating an Eighth Amendment claim, and declines to exercise supplemental jurisdiction over claims arising under state law.  An appropriate Order follows.

     /s/ Joel A. Pisano        
**JOEL A. PISANO, U.S.D.J.**

Dated: January 12, 2012

---

[11] If Plaintiff files a second amended complaint, **it must be complete on its face**, without reference to the Complaint or the First Amended Complaint.

16