<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| RALPH BAKER, | : | **Hon. Joel A. Pisano** |
| | : | |
| Plaintiff, | : | Civil No. 11-0992 (JAP) |
| | : | |
| v. | : | |
| | : | |
| JIM BARNES, et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**PISANO, District Judge**:

    1. Proceeding <u>in forma pauperis</u>, Ralph Baker, a New Jersey sentenced prisoner, filed an Amended Complaint (Dkt. 7) against University of Medicine & Dentistry, Dr. Elmira Kaputis, Dr. John Godinsky, Kevin Han McDonald, Ombudsman Elizabeth Tobol, Sharon Felton, dentist Rick Ogwreck, Dr. Raymond Baum, Dr. Edward Szteinbaum, Fordham University, and Tina Maschi (Dkt. 7, caption), pursuant to 42 U.S.C. §§ 1983, 1985, 1986, for

> denial of medical treatment, concerning Hepatitis C, deliberate indifference, to medical needs[, i]ncluding manufacturing false medical needs.  In addition to Interference with Habeas Corpus and the enforcement of the Federal Judiciary enforcement of acts of the United States Congress, via toward mal treatment of non existent mental disease and/or defect, implication of unsound mind, and emotional distress.  Declaring that Petitioner mental app[a]ratus being unsound, and the need of independent mental health analysis, and enhancement of current non solicited treatment plan.

(Dkt. 7 at 1.)

    2. This Court dismissed the Amended Complaint and granted Baker leave to amend two claims, <u>i.e.</u>, deliberate indifference to Hepatitis C and deliberate indifference to dental needs for extraction, filling and a partial plate.  (Dkt. 10.)  In the accompanying Opinion, this Court

outlined the legal standard for an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983, and explained that Plaintiff's allegations were deficient because they did not plausibly show that any defendant was deliberately indifferent.  (Dkt. 9.)  This Court informed Plaintiff Baker that if he filed a second amended complaint, it must be complete on its face, without reference to the Complaint or the first Amended Complaint.  Id. at 16 n.11.

    3.  Plaintiff Ralph Baker thereafter filed a notice appealing the Order of dismissal.

    4.  After he filed the notice of appeal, Baker filed a Second Amended Complaint which he labeled "ADDENDUM TO THE AMENDMENT TO COMPLAINT PURSUANT TO F.R.C.P. 15(a) IN LIEU TO SUSPENSION OF THE WRIT OF HABEAS CORPUS AND SELECTIVE ENFORCEMENT SELECTIVE PROSECUTION."  (Dkt. 13 at 1.)  Baker names the following defendants:  Jim Barnes; Police Officer Michael Wittevrongel; Police Detective Edward Chabek; Police Sergeant Joseph Shannon; Police Sgt. Randy Stratton; forensic technician Jennifer Banaag; prosecutors Wayne Forrest, James Lankford, Theodore Romankow, Natalie Candela, Bruce Kaplan and Martha McKinney.  Id.

    5.  The Third Circuit dismissed Baker's appeal for lack of jurisdiction because Baker filed an amended pleading and did not stand on his dismissed pleading.  (Dkt. 15.)

    6.  Referencing 42 U.S.C. §§ 1983, 1985, and 1986, Baker's Second Amended Complaint (Dkt. 13) outlines his cause of action as follows:

> Defendants have wrongfully convicted Plaintiff, utilized fabricated evidence, aiding and a[]be[t]ting, committing fraud upon State Courts; obstructed justice. Altered DNA evidence, prevented Plaintiff from bringing third party guilt. Co[n]spired to [d]eprive Plaintiff of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

(Dkt. 13 at 1.)

2

7. With the exception of the language quoted below, the 37 typed pages of the Second Amended Complaint describe the roles of each defendant in various criminal prosecutions brought against Baker in the New Jersey Superior Court, Counties of Union, Somerset, and Middlesex, beginning with his arrest on July 16, 2002.[1]  With regard to the two Eighth Amendment claims this Court permitted him to pursue in the Second Amended Complaint, Baker asserts:

> DEFENDANT DELIBERATE INDIFFERENCE TO THE PLAINTIFF HEPATITIS C AND THE RISK TO OTHERS
>
> Screening for hepatitis C [] measurements and the anti-Hepatitis C by EIA shoul[d] have [b]een done for the Plaintiff, Ralph Baker with elevated hepaocellular [sic] enzymes of unknown etiology[.]  University of Medicine & Dentistry have displayed deliberate indifference to the Plaintiff's medical needs, among other things refusing to appropriately screen the Plaintiff for Hepatitis C Virus Kidney Disease and refusing to test for Hepatitis C.
>
> Refusing to provide treatment, and develop an adequate treatment plan, to be a part of and inclusive of all medical records, forward from East Jersey State Prison, to that of New Jersey State Prison, even if that treatment would have worsen[ed], and refuse to adhere to the clinical diagnosis of the Infec[tious] Disease Specialist,

---

[1] Baker's habeas corpus petitions challenging the convictions in Middlesex and Union Counties are pending before this Court.  See Baker v. Ricci, Civ. No. 09-3654 (KM) (D.N.J. filed July 22, 2009); Baker v. Ricci, Civ. No. 09-3710 (JAP) (D.N.J. filed July 22, 2009).  In 2008, Baker filed a civil action against most of the defendants named in this Second Amended Complaint, asserting that he was falsely arrested and imprisoned on July 16, 2002, and that the defendants engaged in malicious prosecution and conspiracy to maliciously prosecute him.  See Baker v. Wittevrongel, Civ. No. 08-0301 (PGS), 2009 WL 467854 (D.N.J. Feb. 24, 2009), aff'd, 3363 Fed. App'x 146 (3d Cir. 2010).  Judge Sheridan dismissed the complaint in that action and denied leave to amend.  Baker appealed.  The Third Circuit affirmed the dismissal on the grounds that the false arrest claim was time-barred, the challenges to the convictions in Middlesex and Union Counties were barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), the Somerset County prosecutors (Wayne Forrest and James Lankford) were absolutely immune, and the malicious prosecution claims against the Somerset County police defendants failed because "Baker's arrest was based in part on the victim's independent photographic identification of him, which is sufficient to establish probable cause to initiate criminal proceedings against him."  Baker, 363 Fed. App'x at 150.

in January 2012, that treatment was warranted and that dialysis treatment may also be warranted, or blood transfusion, the lack thereof may cause death.

Defendant Universit[y] of Medicine & Dentistry is the State health care provider, with their designated chronic Care Coordinator, of Ivery Donimic, and Dental Care provider (John Doe, Institutional Dentist), and refuse to [s]upply the necessary medical and dental health care.

NEGLIGENCE

Plaintiff incorporates herein [b]y reference all other paragraphs of this amended complaint.

The UMDNJ owed the following duties to the Plaintiff.

a. to adopt, formulate, maintain and enforce customs policies and procedures to ensure that Plaintiff was not subject to deliberate indifference to serious medical needs.

b. To engage or employ competent and suitable employees in the medical and dental areas of New Jersey State Prison.

c. Properly supervise, direct and control the medical and dental healthcare officials and/or its agents under their control.

d. The UMDNJ defendant breached these duties by being deliberately indifferent to the Plaintiff, Ralph Baker, despite knowing that denying testing, educational treatment and viable treatment plan, for hepatitis C, and not to urn [sic], alter and injure Plaintiff left lips with an electronic drill, during the oral surgery in July 2011, for an tooth extraction that caused no pain and/or difficulty.

*    *    *

Once confirmation of Hepatitis C infection within the blood of Plaintiff, should have undertaken as the Defendants knew that Plaintiff elevation in hepaatocelluar [sic] enzymes. There should have been initial diagnosis of Hepatitis C infection and then test offered to the Plaintiff to confirm Hepatitis C infection.

In 2001 Plaintiff's personal Physician . . . wrote a letter to the Honorable Katherine R. Dupuis, in Union County on August 20, 2003, informing the Court that Plaintiff warranted immediate treatment . . . . [T]his record will be necessar[y] to validate the disease and history . . . .

     *        *        *

>Plaintiff-petitioner Ralph Baker received two separate hearing aids . . . from Granville Y. Brady Jr. Doctor of Audiology . . . . Dr. Brady explains the 50% hearing loss in both ears of the Plaintiff, Ralph Baker, resulting in extensive hearing aids for the left and right ears, at a cost of $5500.00 . . . . [H]ad the same been treated some seven years ago, no hearing aid would be necessary . . . .

(Dkt. 13 at 2-5.)

  8. Baker filed two letters to this Court after he filed the Second Amended Complaint.

(Dkt. 16, 17.) In the first letter, dated June 20, 2012, Baker informs this Court that the Third

Circuit dismissed his appeal. (Dkt. 16.) Baker continues:

>The U.S. Court of Appeal dismissed this matter, but noted that the issue of amendment was relevant to the proceedings on Appeal . . . . Therefore, the Amendment must stand, and the matter is now back before this Court, but Plaintiff Baker notices this Court, that the State entered its appearance via the Middlesex County prosecutor, and the same office relates to the defense of the Habeas Corpus, there exist[s] a remarkable conflict of interest, and Counsel need to altered and/or changed. Plaintiff notices of Addendum to Amendment.
>
>In light of these circumstances, and deployment, Plaintiff submits the enclosed and attached admission, to be answered in a timely manner, by the Middlesex County Prosecutor.

(Dkt. 16 at 1.)

  9. Baker attached to his June 20, 2012, letter an eight-page document entitled "DOCKET NO. 3:11-cv-992 INTERROGATORIES AND REQUEST FOR ADMISSIONS TO DEFENDANTS OF N.J. DEPT. OF CORRECTIONS FORDHAM UNIVERSITY and THE UNIVERSITY OF MEDICINE and DENTISTRY, UNION, SOMERSET and MIDDLESEX COUNTY PROSECUTORS, UNION, EDISON, GREENBROOK POLICE." (Dkt. 16 at 6.) This document contains 17 requests for admission. Admission number 11 is directed to Ivery Donimic, an employee of UMDNJ, and asks him or her to admit or deny "that the following

5

medical conditions exist pertain[ing] to the Plaintiff:"  headache, hypertension, unspecified back disorder, tuberculosis exposure, angina, hepatitis C, onychomycosis, toenails, renal insufficiency, and "Rule Out Delusional Disorder."  (Dkt. 16 at 8.)

      10.    The next letter, dated October 28, 2012, is addressed to Chief Judge Simandle, this Court, and Judge McNulty.  Baker states that he "suffered a stroke and went into cardiac arrest, Respondents knew of Petitioner's latent illness, he was rushed to . . . Saint Francis Medical Center on October 17, 2012 . . . .  Baker denied medical for Hepatitis C, cardiac arrest, stroke, kidney disease (cyst) and dental care.  See <u>Estelle v. Gamble</u>, U.S. (citation omitted) <u>Baker v. Barnes</u> 3:11-cv-992 should re-opened, Baker allowed Amendment to add St. Francis Medical Center and Medical provider Brewin James and/or parties who owe Baker rights, duties, under the United States Constitution; under Fourteenth, Fifth, Sixth and Eighth Amendments.  That state prosecutors should not be removed to this medical issue; however the issue of addition of the 20 years under No Early Release Act must stand."  (Dkt. 17 at 1-3.)  Baker further states that on October 19, 2012, a stress test was conducted and on October 20, 2012, he requested that his medical file be sent to the Clerk of this Court "to be view[ed] in camera."  <u>Id.</u> at 4.

      11.    This Court has screened the Second Amended Complaint, together with Baker's letters, for dismissal, as required by 28 U.S.C. § 1915(e)(2)(B).  This Court will dismiss all federal claims under 42 U.S.C. § 1983 concerning Baker's arrest in 2002 and the state criminal proceedings brought against him, as such claims are beyond the scope of this Court's Order granting leave to amend, which limited the amended complaint to Eighth Amendment claims under § 1983 for deliberate indifference to Hepatitis C and deliberate indifference to Plaintiff's dental needs for extraction, filling and a partial plate.  Moreover, given that Baker raised the false

arrest and malicious prosecution claims in 2008 before Judge Sheridan, Judge Sheridan dismissed the claims, and the Third Circuit affirmed the dismissal, see Baker v. Wittevrongel, 363 Fed. App'x 146 (3d Cir. 2010), such claims for false arrest and malicious prosecution are barred by the doctrine of claim preclusion.  See Duhaney v. Att'y Gen. of U.S., 621 F.3d 340, 347 (3d Cir. 2010); Sheridan v. NGK Metals Corp., 609 F.3d 239, 260 (3d Cir. 2010).

12.  This Court will now screen the Eighth Amendment deliberate indifference claims, which Baker attempts to state in the Second Amended Complaint, for dismissal under the pleading standard set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In screening a complaint for dismissal, a court must disregard conclusions disguised as factual allegations.  See Iqbal, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); Mayer v. Belichick, 605 F.3d 223, 229-230 (3d Cir. 2010)  ("[A] court is not required to accept legal conclusions alleged in the complaint.  The pleading must contain sufficient factual allegations so as to state a facially plausible claim for relief") (citations omitted).  After disregarding conclusory statements, a court must determine if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Iqbal, 556 U.S. at 678 (citation omitted).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.[2]

13. In this regard, the Second Amended Complaint is deficient. The Second Amended Complaint fails to state an Eighth Amendment deliberate indifference claim, since Baker does not plead facts showing a defendant's deliberate indifference to his serious medical needs regarding Hepatitis C and dental care with respect to extraction, a filling, and a partial plate. As this Court explained in its prior Opinion, "[t]o establish deliberate indifference, a plaintiff must show that the defendant was subjectively aware of the unmet medical need and failed to reasonably respond to that need." (Dkt. 9 at 6) (citing Farmer v. Brennan, 511 U.S. 825 (1994)). Plaintiff's letters do not correct the deficiencies in the Second Amended Complaint, as the letters do not allege facts showing deliberate indifference. Under these circumstances, this Court is constrained to dismiss the Eighth Amendment claims raised in the Second Amended Complaint (as supplemented by the two letters) for failure to state a claim upon which relief may be granted.

14. This Court will, however, grant leave to file a final third amended complaint stating an Eighth Amendment claim for deliberate indifference to Hepatitis C and/or Plaintiff's dental needs for extraction, filling and a partial plate. See Grayson v. Mayview State Hosp., 393 F.3d 103, 110-111 (3d Cir. 2002). This Court cautions Plaintiff that the third amended complaint must be complete without reference to prior complaints, and that a statement of facts reads like a newspaper article, and states who did what, and when and where. A statement of facts does not cite law, but states what happened. This Court further advises Plaintiff that the events

---

[2] Accord Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

concerning his stroke and heart attack during 2012 and thereafter are not the proper subject of this action, as Plaintiff's claims are limited in this case to the claims contained in his original Complaint filed in 2011. If Plaintiff believes that any person was deliberately indifferent to his medical needs concerning his stroke or heart attack in 2012, he must set forth the facts in a new complaint and new action.

15. An appropriate Order accompanies this Memorandum Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: February 1, 2013