**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| RALPH BAKER, | : | |
| | : | Civil Action No. 11-992 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| JIM BARNES, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PISANO, District Judge:**

1. Proceeding *in forma pauperis*, Plaintiff filed a Third Amended Complaint (ECF No. 23), in response to this Court's Memorandum Opinion and Order (ECF Nos. 18, 19) in which the Court dismissed the Second Amended Complaint and granted Plaintiff leave to amend the claim of deliberate indifference to Hepatitis C and/or Plaintiff's dental needs for extraction, filling and a partial plate.

2. This Court has screened the Third Amended Complaint, along with Plaintiff's other filings, for dismissal, as required by 28 U.S.C. § 1915(e)(2)(B). To the extent that Plaintiff now asserts any additional claims, this Court will dismiss all federal claims under 42 U.S.C. § 1983 which are beyond the scope of this Court's Order granting leave to amend, which limited the amended complaint to Eighth Amendment claims under § 1983 for deliberate indifference to Hepatitis C and/or Plaintiff's dental needs for extraction, filling and a partial plate.

3. The Court will now screen the allegations in the Third Amended Complaint with respect to Eighth Amendment deliberate indifference claims for dismissal under the pleading standard

set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In screening a complaint for dismissal, a court must disregard conclusions disguised as factual allegations.  *See Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *Mayer v. Belichick*, 605 F.3d 223, 229-230 (3d Cir. 2010) ("[A] court is not required to accept legal conclusions alleged in the complaint.  The pleading must contain sufficient factual allegations so as to state a facially plausible claim for relief.") (citations omitted).  After disregarding conclusory statements, a court must determine if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678 (citation omitted).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

4. By the *Iqbal* standard, the Third Amended Complaint is deficient.  The Third Amended Complaint fails to state an Eighth Amendment deliberate claim, because Plaintiff does not plead facts showing a defendant's deliberate indifference to his serious medical needs regarding Hepatitis C and/or Plaintiff's dental needs for extraction, filling and a partial plate.  As this Court has previously stated in this matter, "[t]o establish deliberate indifference, a plaintiff must show that the defendant was subjectively aware of the unmet medical need and failed to reasonably respond to that need."  (ECF No. 9 at 6.) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).  Plaintiff's filings in response to this Court's previous Memorandum Opinion and Order do not

cure the deficiencies in pleading, namely the failure to state a claim upon which relief may be granted. Thus, the Third Amended Complaint will be dismissed.

5.      An appropriate Order accompanies this Memorandum Opinion.

        /s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: February 28, 2014

3